UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-CR-ROETTGER

UNITED STATES OF AMERICA,

vs.

RAY ADDERLY,

       Defendant.
_____/



## DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on January 25, 2000, a hearing was held to determine whether the defendant, **Ray Adderly**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure the safety of any other person and the community. Therefore, it is hereby ordered that the defendant, **Ray Adderly**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.     The defendant is charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, possession of a firearm by a convicted felon, and using and carrying a firearm during and in relation of a drug trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c) and 21 U.S.C. §§ 841(a)(1) and

846. Therefore, the defendant is charged with crimes of violence and crimes involving narcotic drugs. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant committed the offenses with which he has been charged. On October 1, 1999, a confidential informant ("CI") made contact with **Ray Adderly**. The CI entered **Adderly's** vehicle, and the two drove around a Fort Lauderdale neighborhood waiting for another individual to retrieve a quantity of crack cocaine. **Adderly** learned that a quantity of powder cocaine, not crack cocaine, was available. **Adderly** consummated the sale of 39 grams of powder cocaine; he received $1,000 from the CI in return. During the course of the transaction, the CI observed a firearm in **Adderly's** possession. Portions of their discussions, though not those portions pertaining to the narcotics sale, were audio recorded.

Following the transaction, the CI departed the vehicle and met with agents, turning over to their possession the 39 grams of suspected powder cocaine. The substance has tested positive for cocaine.

Later that day, a Fort Lauderdale police officer stopped **Adderly** in his vehicle. The officer asked **Adderly** if he had anything; **Adderly** responded that he had some "crip" in the center and a .357 under the seat. **Adderly** consented to the officer's search of the vehicle. The officer located a small quantity of cocaine in the center console and a .357 firearm under the driver's seat. The defendant was then placed under arrest. 18 U.S.C. § 3142(g)(2).

3.  The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States

citizen and a lifelong resident of the community. He has not travelled outside the United States and does not possess a passport. He has extensive family in the community, including his mother, siblings, and children.

The defendant reports that he has been self-employed for the last 8 years as the owner of a record store in Pompano Beach. He further reports that he does occasional work as a handyman. However, he does not possess assets of significant value.

The defendant disclosed that he has consumed cocaine on weekends for the past 5 years and marijuana on a daily basis for the past 13 years.

The Pretrial Services Report reflects that the defendant has an extensive criminal record, which includes the following arrests: delivery of cocaine (1991); disorderly conduct (1992); possession of cocaine (1992); possession of cocaine (1992); delivery of cocaine (1993); delivery of cocaine (1993); delivery of cocaine/possession of cocaine/possession of marijuana (1993); violation of probation (1994); tampering with evidence/aggravated battery of a police officer/resisting arrest without violence (1995); damage property (1996); possession of cocaine/possession of marijuana/trespassing (1996); burglary of a residence (1997); aggravated battery/damage property/possession of cocaine/possession of marijuana/trespassing (1997); and possession of a firearm by a convicted felon/possession of cocaine/possession of marijuana under 20 grams (the instant offense)(1999). The Report further reflects that the defendant has been convicted of the following offenses: disorderly conduct (adjudication withheld)(1992); possession of cocaine (1992); tampering with evidence/resisting arrest without violence (1995); and burglary of a residence (1997). The Government proffered that its record search revealed the following convictions: delivery of cocaine (1991); possession of cocaine (1992); resisting arrest/obstruction of

police officer/tampering with evidence (1995); aggravated battery (1997); and burglary of a structure (1997). In addition, the Government proffered that there currently exists a bench warrant for the defendant's failure to appear on his 1999 state case for possession of a firearm by a convicted felon. Finally, the Government proffered that the defendant was apparently on probation from his 1997 aggravated battery and burglary convictions at the time he allegedly committed the offenses charged in the instant Indictment.   18 U.S.C. § 3142(g)(3)(A) and (B)

   4.   The defendant has an extensive criminal history that includes at least 14 arrests and at least 5 convictions for offenses involving violence and narcotics. In addition, he was apparently on state probation for an aggravated battery and a burglary at the time of the instant offense. He is charged in the present Indictment with both narcotics and firearms offenses. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142 (g)(4).

   5.   The Court specifically finds that there is no condition or combination of conditions of release which reasonably will ensure the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

   1.   That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

   2.   That the defendant be afforded reasonable opportunity for private

consultation with counsel; and

    3.    That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 25th day of January 2000.

---
BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Norman C. Roettger
United States District Judge

Ana Maria Jhones, Esquire
Bayside Plaza, Suite 625
330 Biscayne Boulevard
Miami, Florida 33132-2225
Attorney for Defendant

United States Attorney's Office

United States Marshal

United States Pretrial Services

5