UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6008-CR-ROETTGER

UNITED STATES OF AMERICA,

  Plaintiff,

vs.

RAY ADDERLY,

  Defendant.
_____/

### DEFENDANT, RAY ADDERLY'S, UNOPPOSED REQUEST FOR INVESTIGATIVE COSTS

  COMES NOW the Defendant, RAY ADDERLY, by and through his undersigned counsel, and moves this Court pursuant to the Criminal Justice Act Title 18 U.S.C. 3006A for approval of investigative costs to exceed the statutory cap of $300, and as grounds therefore the Defendant will state as follows:

  1) That the Defendant, RAY ADDERLY has been charged by indictment with conspiracy to possess with intent to distribute cocaine in Violation of Title 21 U.S.C. § 841 (a)(1) and Title 21 U.S.C. § 846. Although not entirely certain at this juncture, the Defendant, if convicted, may be facing an enhanced sentence under the United States Sentencing Guidelines by virtue of his past criminal history. This enhanced sentence <u>may</u> entail anywhere from a mandatory life sentence, to minimum 20 years.

  2) That this case involves a reverse sting operation wherein a confidential



informant allegedly sold narcotics to the Defendant. This matter was originally prosecuted by the State of Florida. That facts and circumstances surrounding this matter occurred in October 1, 1999. However, the federal government indicted the case on January, 13, 2000. Mr. Adderly's possible exposure in this matter, should a conviction on all counts result, will be affected by the discovery of a weapon in the vehicle that the Defendant was driving upon his arrest. That the government has provided the NCIC reports pertaining to the Defendant's criminal history, the NCIC report is not complete, however. Thus, these reports have to be checked and the criminal history must be obtained and reviewed.

      3) That in addition, there are witnesses that need to be located and interviewed. Furthermore, there are additional matters that need to be looked into in preparation of pre-trial motions as well as sentencing, should a conviction result.

      4) That undersigned counsel has requested the assistance of John Faulds, a private investigator in Miami. He is aware of the hourly rates permitted under the Criminal Justice Act and is willing to assume the responsibility of this case under those rates and shall not request an hourly rate above that which is authorized.

      5) That numerous witness have to be interviewed. These witnesses are from the Dade and Broward areas. That it is also anticipated that should this case result in a conviction, that extensive investigation shall have to be had in order to deal with the sentencing issues that are anticipated.

6) That undersigned counsel is not filing this motion Ex Parte. As such, counsel shall not go into any degree of detail, other than what has been provided above. However, should the court wish to have counsel provide more information ex parte, counsel shall do so upon request.

6) That undersigned counsel has spoken with Assistant United States Attorney Edward Ryan, who stated he has no objection to this Motion.

## MEMORANDUM OF LAW

Mr. Adderly is and has been continuously incarcerated since his arrest on this case. Mr. Adderly does not have any funds with which to defend himself and recognizing this fact, the Court appointed counsel pursuant to the Criminal Justice Act Title 18 U.S.C. § 3006A.

The Supreme Court has spoken on the absolute right of an indigent defendant to due process of law:

> This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.
>
> Ake v. Oklahoma, 105 S.Ct. 1087 (1985)

The court went on to say that ". . . mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and that a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense". Ake, supra at 1093. Furthermore, "the State's interest in prevailing at trial-unlike that of a private litigant-is necessarily tempered by its interest in the fair and accurate adjudication of criminal cases". Ake, supra at 1094. The court went on to explain, in the context of Title 18 U.S.C. § 3006A, what due process requires ". . . in subsection (e) of the Criminal Justice Act, . . . Congress has provided that indigent defendants shall receive the assistance of all experts 'necessary for an adequate defense'"Ake, supra 1094.

The Court in Ake and the 11th Circuit in Moore v. Kemp, 809 F.2d 702 (11th Cir. 1987), both spoke to the need on the part of defense counsel to make a "threshold" showing justifying the request for funds.

> ". . .a defendant must demonstrate something more than a mere possibility of assistance from a requested expert; due process does not require the government automatically to provide indigent defendants with expert assistance upon demand. Rather, a fair reading of thee precedents is that a defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.
>
> Moore v. Kemp, supra at 712.

Moreover, the ABA Standards for Criminal Justice Providing Defense Services (3d ed. 1992) addressed the "The third edition changes recognize the significant growth in defense services over the past decade, as well as the profound changes in interpretation of the constitutional right to counsel and the scope of the criminal sanction, as viewed by the United States Supreme Court." Specifically, Standard 5-1.4 "requires that defenders have the necessary resources for quality representation: 'The legal representation plan should provide for investigatory, expert, and other services necessary to quality legal representation. These should include not only those services and facilities needed for an effective defense at trial but also those that are required for effective defense preparation in every phase of the process. . . .'"*Funds for Defense Expertise:* Monahan, Edward C. and Clark, James J.,*What National Benchmarks Require*, Champion, page 12, May 1997.

Mr. Adderly has met this burden. In the recitation provided above, the defendant has demonstrated why the funds, in the form of investigative fees, are essential to his right to due process at the trial stage, and if necessary, at the sentencing phase of his case. Fundamental fairness mandates that he be able to offer objective proof to "confront the prosecution's evidence". Moore, at 712.

It is clear that the Department of Justice is aware of the inequity in the availability of resources between the government and an indigent defendant. It is obvious to all of those involved in the criminal justice system that an indigent defendant is at a major

disadvantage when faced with the burden of confronting and challenging the governments evidence in his trial. This inherit imbalance in our system was the topic of conversation on February 19th at the National Association of Criminal Defense Attorney's Midwinter Meeting of 1999, Assistant Attorney General James K. Robinson, head of the Department of Justice, Criminal Division. See CJA Funding –This Time, *Champion*, Vol. XXIII No. 3, April 1999.

Supreme Court Justice Hugo Black, as early as 1956 highlighted the plight of indigent defendants when he wrote, "Providing equal justice for poor and rich, weak and powerful alike is an age-old problem. Griffin v. Illinois, 351 U.S. 12, 16 (1956). It was in this case that the Supreme Court for the first time addressed the need of an indigent defendant for services other than counsel. Defendant Griffin who had been charged with armed robbery asked the state to supply him with a free trail transcript necessary for his appeal. The Court found that the State's refusal to supply the defendant with a free transcript violated the Equal Protection and Due Process Clauses of the Fourteen Amendment to the United States Constitution. Both of these provisions, wrote the Court "emphasized the central aim of our entire judicial system–all people charged with crime must, so far as the law is concerned, 'stand on an equality before the barr of justice in every American court".

WHEREFORE, Mr. Adderly moves this Honorable Court to enter an Order increasing the statutory cap of $300.00 to a cap of $1,500.00 for investigative costs.

I HEREBY CERTIFY that a copy of the foregoing was furnished, by mail, to

Edward Ryan, Assistant US Attorney, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale FL 33301 and to RAY ADDERLY, REG#55151-004, FDC Miami, PO Box 019120, Miami, FL 33101-9120 this __8th__ day of March, 2000.

                Respectfully submitted,

                ANA M. JHONES
                Attorney at Law
                Bayside Plaza, Suite 625
                330 Biscayne Boulevard
                Miami, FL 33132
                Telephone: (305) 374-4919 Dade
                              (954) 537-5565 Broward
                Fax       : (305) 374-3414 Dade Fax
                              (954) 568-1870 Broward Fax

BY: _____
    FOR: Ana M. Jhones
    Florida Bar #771170