IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case Number: 00-6008-CR-ROETTGER**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAY ADDERLY,

    Defendant.

_____/

## DEFENDANT RAY ADDERLY' REQUEST FOR A MENTAL EVALUATION

COMES NOW, the Defendant, RAY ADDERLY, by and through his undersigned counsel who hereby, pursuant to Title 18 U.S.C. § 4241 and Title 18 U.S.C. § 3006A, files this Motion Requesting a Mental Evaluation. The grounds therefor are as follows:

1. That the Defendant, RAY ADDERLY is indigent and undersigned counsel has been appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

2. That this request for a psychological evaluation is being made in the abundance of caution. The basis for the evaluation is as follows: on July 28, 1992 Mr. Adderly was admitted to a State medical facility. At the time, Mr. Adderly was 18 years of age. The basis of the admission was that he was exhibiting "bizarre behavior" and it was his family that



requested that he be admitted against his will. Ultimately, the diagnosis was a "brief reactive psychosis caused by cannabis abuse".

3. That while Mr. Adderly and undersigned counsel have not encountered any difficulty in communicating, the decisions that Mr. Adderly is to make have serious ramifications. such as the decision to enter into a change of plea: waiver of many constititutional rights are implicit in his decision to plead guilty. Thus, this evaluation is being requested **prior** to his formal withdrawal of his previously entered "not guilty" plea.

4. That, additionally, the state of mind of the Defendant at the time of the commission of this offense may very well have been a factor at trial and perhaps may be a factor at sentencing.

5. That counsel would request that the Defendant be evaluated, not only on the issue of competency to be sentenced. but also that he evaluated and that the necessary tests be performed in order to rule out the presence of psychotic behavior. manic depression or any other mental condition.

6. That competency, as well as mental disease in general. is of course not an exact science. That the Supreme Court has set forth a two-prong test in order to determined competency: (1) does the defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding": and (2) does the defendant have "a rational as well as factual understanding of the proceedings against him". See <u>Dusky v.</u>

2

United States, 362 U.S. 402, 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960) (per curiam). That the fact that a defendant may oppose a psychiatric examination, of course can be consistent with competency as well as incompetency. See United States v.Johnson, 527 F.2d 1104 (4th Cir. 1975) (defendant's opposition to psychiatric examination is just as consistent with incompetency as it is with competency).That it is not possible to distinguish between "volitional disruptive behavior from psychotic conduct" in the absence of a mental evaluation. See United States v. Nichols, 56 F.3d 403 (2nd Cir. 1995).

7. That in addition, to settling the issue of defendant's competency, an evaluation is being requested in order to properly prepare for the sentencing proceeding in this case. The defendant's behavior and/or mental condition may very well be a mitigating factor which can form the basis for a departure from the sentencing guidelines in this case, either or § 5K2.13 or §5K2.0 as well as Title 18 U.S.C. § 3553(b), which permits a district court to depart downward to address circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission,". That given the fact that he is indigent, counsel is in need of the assistance of the court, in terms of funds, in order to have him evaluated. That it is not clear whether Title 18 U.S.C. § 4241 allows for the mental evaluation of a defendant for the purpose of determining the existence, or non existence of a mental disease, which may be a mitigating factor at the time of sentencing. However, as an indigent defendant, Mr. Adderly is in need of the court's assistance in order to have him

3

evaluated for the purpose of determining his mental condition and how it may serve to mitigate his sentence in this case. See <u>United States v. Ruff</u>, 1998 U.S. Dist. LEXIS 3656 (Middle Dist. Alabama 3-20-98).

8. That counsel has spoken to Mr. Ed Ryan, the Assistant United States Attorney on this case who is in agreement that Mr. Adderly should be evaluated by a mental health professional.

WHEREFORE, the Defendant, RAY ADDERLY, by and through his undersigned counsel respectfully moves this Honorable Court to enter an Order granting this request for a mental evaluation of Mr. Adderly, both for the purpose of determining competency to be sentence and for the purpose of determining if Mr. Adderly suffers from any mental disease or defect.

I HEREBY CERTIFY that a copy of the foregoing was furnished on this 30th Day of May, 2000 by US MAIL to Ed Ryan, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394, and RAY ADDERLY, Reg NO. 55151-004, BOX 019120, Miami Fl 33101-9120.

RESPECTFULLY SUBMITTED,

ANA M. JHONES
Attorney for RAY ADDERLY
330 Biscayne Boulevard
Suite 625

4

Miami FL 33132
(305) 374-4919
(954) 537-5565 BROWARD
(305)374-3748DADE FAX
(954) 568-1870 BROWARD FAX

BY: /s/ Ana Jhones
ANA M. JHONES
FLA BAR# 771170